UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 13-03472 (SS)                    Date: July 24, 2013

Page 1 of 4

Title:    Anoosh Pajand v. People of the State of California

| DOCKET ENTRY: | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY** |
|---|---|

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:    ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                  None Present

**PROCEEDINGS: (IN CHAMBERS)**

     On May 15, 2013, Anoosh Pajand ("Petitioner") filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 and a Memorandum of Points and Authorities in support of the Petition. That same day, Petitioner consented to have a United States Magistrate Judge conduct all proceedings in the case, decide all dispositive and non-dispositive matters, and order entry of final judgment. (See Dkt. No. 5). According to the Petition, in 2007, Petitioner was convicted of "attempted lewd act on a minor" pursuant to California Penal Code § 288(A) and sentenced to eighteen months in prison. (Pet. at 2). However, the Petition appears to be untimely on its face.

     The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 13-03472 (SS)                              Date: July 24, 2013
                                                          Page 2 of 4

Title:      Anoosh Pajand v. People of the State of California

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The applicable limitations period here is that set forth in 28 U.S.C. § 2244(d)(1)(A).

As indicated above, a petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). A conviction becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, according to the Petition, Petitioner was sentenced on October 26, 2007. (Pet. at 2). It appears that Petitioner did not seek direct review. (See id.). Therefore, his conviction appears to have become final sixty days later, on December 26, 2007, at the expiration of time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); see also Cal. R. Ct. 8.308(a) ("[A] notice of appeal . . . must be filed within 60 days after the rendition of the judgment . . . ."); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (explaining that where a petitioner failed to file for direct review, "his conviction became final . . . 60 days after the judgment of conviction"). Under 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 13-03472 (SS)                              Date: July 24, 2013
                                                          Page 3 of 4

Title:    Anoosh Pajand v. People of the State of California

2244(d)(1), the AEDPA limitations period began to run the next day, on December 27, 2007, and expired on December 27, 2008. The instant petition was filed on May 15, 2013. Therefore, absent tolling, it is untimely by four years, four months, and eighteen days.

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). However, the tolling provision does not apply if a state habeas petition is filed after the limitations period has already expired. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (28 U.S.C. § 2244(d) does not permit "reinitiation of the limitations period that has [already] ended"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (filing of state habeas petition after AEDPA limitations period expired "resulted in an absolute time bar to refiling after [petitioner's] state claims were exhausted").

According to the Petition, Petitioner did not file a state habeas petition until January 18, 2011, two years and twenty-two days after the AEDPA limitations period expired on December 27, 2008. (See Pet. at 3); see also California Appellate Courts Case Information Website, Case No. E054605, http://appellatecases.courtinfo.ca.gov). Accordingly, it does not appear that Petitioner is entitled to statutory tolling. Further, Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to statutory tolling. See, e.g., Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").

In addition to statutory tolling, the AEDPA limitations period may be subject to equitable tolling if Petitioner can demonstrate both: (1) that he diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). However, the Petition does not indicate any grounds for equitable tolling. (See Pet. at 1-8). Accordingly, Petitioner does not appear to be entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (holding that habeas petitioners have the burden of proof to show equitable tolling). Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to equitable tolling. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 13-03472 (SS)                                Date: July 24, 2013
                                                           Page 4 of 4

Title:    Anoosh Pajand v. People of the State of California

  For the reasons discussed above, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order, why this action should not be dismissed as untimely. Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling, or why the limitations period should not apply to his claims. Petitioner is also advised to inform the Court of whether he was placed on probation and, if he was, of its duration.

  **Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).

  The Clerk of Court is directed to serve a copy of this Order on Counsel for Petitioner and on Petitioner at his current address of record.

MINUTES FORM 11
CIVIL-GEN                                                Initials of Deputy Clerk ___